OCT - 8 2010

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0650-LRH-VPC |
| | ) | (Lead Case) |
| vs. | ) | |
| E.K. McDANIEL, et al., | ) | |
| Defendants. | ) | |
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0718-LRH-RAM |
| vs. | ) | |
| RICHARD ASHCRAFT, et al., | ) | |
| Defendants. | ) | |
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0729-RCJ-VPC |
| vs. | ) | |
| SERGEANT HUNT, et al., | ) | |
| Defendants. | ) | |
| RANDAL N. WIIDEMAN, | ) | |
| Plaintiff, | ) | 3:09-cv-0750-ECR-RAM |
| vs. | ) | |
| OFFICER HOMAN, et al., | ) | **ORDER** |
| Defendants. | ) | |

Before the court are plaintiff Randal Wiideman's Motion for Recusal of District Judge (docket #28), Motion to Vacate Erroneous Order (docket #27), Motion Striking Claims as to Defendant Renee Baker (docket #25) and Motion Requesting Court to Review its [Previous] Order (docket #24).

///

Procedural History

Plaintiff filed numerous complaints related to issues he has had with the Ely State Prison mail room personnel and procedures. Some of those cases were consolidated into this case by Order entered January 11, 2010 (docket #9). Additional cases were dismissed because plaintiff had already brought civil actions related to the same claims, facts, and circumstances. In those actions, he was directed to seek leave to amend his complaint to raise the claims in this action. *See,* Order in case 3:10-cv-00496-LRH-RAM, 3:10-cv-00379-ECR-VPC, 3:10-cv-224-ECR-VPC, and 3:10-cv-00024-LRH-RAM. These orders were entered between September 7, 2010 and September 15, 2010.

On September 15, 2010, plaintiff filed a motion for leave to file a second amended complaint (docket #18). On September 20, 2010, plaintiff filed a Notice of Third Amended Complaint Pursuant to the Order of Consolidation (docket #21). The Court screened the third amended complaint because plaintiff advised it was intended to address all of his various mail room and mail procedure issues. The Court's screening order found that plaintiff had failed to state a claim for relief under 42 U.S.C. § 1983 and dismissed the action (docket#22). Judgement was entered the next day.

Thereafter, plaintiff filed the currently pending motions and submitted the proposed Fourth Amended Complaint.

Pending Motions

Plaintiff brings his Motion to Vacate Judgment and for Recusal of the District Judge (dockets #27 and #28) pursuant to F.R.C.P. 59(e) and 50(b). Plaintiff asserts that the Court's dismissal of his complaint was in error and the result of the Court's "obvious ploy to just get rid of [the] caseload at the plaintiff's constitutional expense..." Plaintiff, relying on Sixth Circuit caselaw, argues that his First Amendment rights were violated by defendants Homan and North because a federal magistrate ultimately ordered the defendants to provide him with the legal records so that another civil action he had filed could proceed. Law from the Sixth Circuit Court of Appeals is not binding on this Court. While caselaw from other jurisdictions may be informative or persuasive on undecided points of law, only decisions of the United States Supreme Court and the Ninth Circuit control this Court's substantive analysis. *Hart v Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001); *see also Ortega v. United States*, 861 F.2d 600, 603 & n. 4 (9th Cir.1988).

1   Plaintiff has not demonstrated that the handling of his legal records, received from a non-attorney source in packets that exceeded the twenty-page limit, violated his First Amendment rights. Had he applied his purported familiarity with prison regulations to his own best benefit, he would have been able to receive the documents without troubling the court for assistance.

Plaintiff further contends that count two of the third amended complaint was improperly dismissed because the prison regulation - Administrative Regulation 750 - created a First and Fourteenth Amendment right to receive his mail unmolested because it limits the prison officials' discretion in censorship. Under A.R. 750, Censorship is defined as:

> The intent to suppress or delete anything considered objectionable under this regulation. Censorship may include, but is not limited to: Deleting portions of a letter; Returning the letter either in its entirety or in part to the sender; Removing printing or pictures, adulterated mail or rendering any portion of the contents unintelligible.

A.R. 750, p. 2; Definitions.

Plaintiff's claim under count two cannot stand because plaintiff did not allege that the mail was altered or censored or that his friend did not receive the letter which is the subject of this claim. Rather, plaintiff alleged the defendant opened and read the letter and thereafter contacted the recipient of the letter interfering with plaintiff's personal relationship with that individual. Thus, the mandatory wording of the regulation on censorship in inapplicable here.

Furthermore, the United States Supreme Court held in *Sandin v. Connor*, 515 U.S. 472, (1995), that state law creates liberty interests deserving protection under the Fourteenth Amendment's Due Process Clause only when the deprivation in question (1) restrains the inmate's freedom in a manner not expected from his or her sentence and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483-84. The court must examine the hardship caused by the challenged action as it relates to the "basic conditions" of prison life. *Mitchell v. Dupnik*, 75 F.3d 517, 522 (9th Cir. 1996). Plaintiff has not demonstrated that the reading of his outgoing mail, which was then delivered without alteration or extraction, created a hardship in his basic conditions of prison life. His present arguments are not persuasive.

As to his arguments for error on count three, plaintiff again fails to demonstrate the court was incorrect. The prison regulations allow for receipt of mail from the mentioned agencies, so long as those

3

1  agencies are directly related to the prosecution or supervision of the inmate. General correspondence
2  to and from those agencies in other circumstances do not meet the definition of legal mail and this claim
3  fails on that basis and as discussed in the Court's screening order.
4      Recusal
5      Plaintiff seeks recusal of the judge assigned to this matter based on alleged bias. He contends
6  that the court's order dismissing his complaint is without foundation in the law and is unfair. The
7  motion shall be denied.
8      Under 28 U.S.C. § 455, a judge has an affirmative duty to recuse himself "in any proceeding in
9  which his impartiality might reasonably be questioned." *Liteky v. United States*, 510 U.S. 540, 555
10 (1994) (citation omitted); *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997); *United States*
11 *v. Studley*, 783 F.2d 934, 939 (9th Cir.1986).
12     The alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. at
13 554-56; *United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). The Ninth Circuit had held
14 that rulings by a court during the course of a case cannot be extra-judicial conduct. *See Hasbrouck v.*
15 *Texaco, Inc.*, 830 F. 2d 1513, 1523-24 (9th Cir. 1987); *Nilsson, Robbins, Dalgarn, Berliner, Carson &*
16 *Wurst v. Louisiana Hydrolec*, 854 F. 2d 1538, 1548 (9th Cir. 1988). Judicial bias or prejudice formed
17 during current or prior proceedings is sufficient for recusal only when the judge's actions "display a
18 deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at
19 555; *United States v. Chischilly*, 30 F.3d 1144, 1149 (9th Cir.1994). Thus, judicial rulings may support
20 a motion for recusal only "in the rarest of circumstances." *Liteky*, 510 U.S. at 555; *Chischilly*, 30 F.3d
21 at 1149.
22     In this case, Plaintiff moves for recusal based on the decision to dismiss his complaint.
23 Plaintiff's basis for claiming the undersigned should not have dismissed this action arises from the
24 undersigned's orders in this case and other cases involving Plaintiff. As such, they are not a proper
25 reason for recusal without a showing of "deep-seated and unequivocal antagonism that would render fair
26 judgment impossible."
27 ///
28 ///

Other Pending Motions

Plaintiff's Notice of Compliance to Order of September 15, 2010 (docket #24) and his Motion Striking Claims related to Defendant Renee Baker set out in the proposed Fourth Amended Complaint (docket #25) are moot in light of the dismissal of this action and the judgment entered. However, the Notice of Compliance requires some discussion because plaintiff has misconstrued the court's direction in the September 15, 2010 order, which directed plaintiff to file an amended complaint consolidating all his claims and actions related to the mail room staff and procedures. In this instant filing, plaintiff attempts to bring in unrelated claims involving religious rights, law library access and disciplinary sanctions. These claims are not related to his mail room claims and are not brought in conformance with the court's order. The Fourth Amended Complaint shall not be filed in this action. The motion to strike claims against defendant Baker raised in that Fourth Amended Complaint is moot.

**IT IS THEREFORE ORDERED** that the Motion to Vacate Order and Judgment (docket #27) an the Motion for Recusal of District Judge (docket #28) are **DENIED.**

**IT IS FURTHER ORDERED** that the Motion request Court review of the September 15, 2010 Order (docket #24) and the Motion Striking Claims (docket #25) are **DENIED** as moot.

DATED this 7th day of October, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE